JUDGE PRESKA

658-07/GMV/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 8675)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIERRA MARINE S.A., <br><br> Plaintiff <br><br> -against - <br><br> SALEM M. ABDOU EL HADY, <br> an individual, <br><br> Defendant. | 08 CV <br><br><br> **VERIFIED COMPLAINT** |

Plaintiff Sierra Marine S.A. ("Sierra"), as and for its Verified Complaint against Defendant Salem M. Abdou El Hady ("El Hady"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for recognition and enforcement of a foreign maritime judgment arising out of disputes under a maritime contract of charter party. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331.

2. At all times relevant hereto, Plaintiff Sierra was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Panama City, Panama.

NYDOCS1/301002.1

3. At all times relevant hereto, Defendant El Hady is an individual who is of majority age and believed to be a citizen of Egypt with an address at E;-Degla & Atout Street, Port Said, Egypt, R.C.: 25158 T.C. 18689.

4. On or about October 4, 2002, Plaintiff Sierra, as owner of the M/V BIANCA, and El Hady as charterer, entered into a maritime contract of charter party for a voyage from Itajai and/or Paranagua to one port in the Egyptian Mediterranean for the carriage of a cargo of frozen meat products, butter and/or fish.

5. In accordance with the charter party, the vessel proceeded to Itajai and Plaintiff duly tendered the vessel to Defendant El Hady.

6. In breach of its charter party obligations, El Hady failed to provide a cargo for loading resulting in the accrual of demurrage and subsequently repudiated the charter resulting in damages to Plaintiff including the net loss of freight on the substituted charter,[1] diesel oil consumption, and repositioning damages.

7. Despite due demand, El Hady failed to pay the amounts owed to Plaintiff for demurrage and damages as a result of the wrongful repudiation.

8. Plaintiff thereafter commenced London arbitration pursuant to the terms of the charter party which required the application of English law and London arbitration.

9. The London Tribunal issued an Arbitration Award (hereinafter "the Award") in Plaintiff's favor on liability and costs, a true and accurate copy of which is attached as Exhibit A.

10. The Award provides the following relief to Sierra:

(a)  $289,279.45 for demurrage and repudiation damages;

(b)  Interest on the sum in (a) above at 3.25% per annum compounded quarterly from March 1, 2003 until paid;

---

[1] After Defendant's wrongful repudiation, Plaintiff entered into a substitute charter party.

NYDOCS1/301002.1                           2

    (c)    Sierra's costs in the arbitration, which totaled $9,638.00;

    (d)    Interest on the sum in (c) above at 3.25% per annum compounded quarterly from April 20, 2004 until paid; and

    (e)    Costs of the Arbitration Award in the sum of £1,992.80 (USD $3,957.46);

    (f)    Interest on the sum in (e) above at 5.75% per annum compounded quarterly from the date Sierra paid the costs until reimbursement.

for a total of $373,713.43, as of the date of filing of the Verified Complaint.

11. On February 14, 2008, the High Court of Justice entered an Order permitting Sierra to enforce the Award as a judgment or order of the High Court of Justice and awarded Sierra costs of £2,968.50 (USD $5,771.66). A copy of the Order from the High Court is attached as Exhibit B.

12. Despite due demand, Defendant El Hady has refused and/or otherwise failed to pay the amounts due and outstanding under the Order.

13. This action is brought to obtain jurisdiction over El Hady; to recognize and enforce as a judgment of this Court the Order of the High Court of Justice under principles of comity and in conformity with Article 53 of the New York CPLR.

14. In addition to the principal amounts due and the interest through the date of filing of the Verified Complaint, Sierra also seeks security in respect of its claims against El Hady for the additional sums which are due for future interest through the date of collection, estimated for a period of approximately one year post filing, for a total of $34,609.33.

15. Upon information and belief, and after investigation, Defendant El Hady cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter

hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant El Hady (collectively hereinafter, "ASSETS"), including but not limited to ASSETS as may be held, received, or transferred in its own name or for its benefit at, through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

16. The total amount for which Plaintiff seeks an attachment is $404,094.42.

WHEREFORE, Plaintiff SIERRA prays:

a. That process in due form of law according to the practice of this Court issue against Defendant El Hady, citing him to appear and answer the foregoing, failing which a default will be taken against him for the amounts of the claim as set forth in the Order of the High Court of Justice and as set forth above, plus interest, costs and attorney fees.

b. That if Defendant El Hady cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant El Hady, up to and including the claim of USD $404,094.42 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant El Hady (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court recognize and enforce the Order of the High Court of Justice in favor of Sierra as though it was a judgment of this Court and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
May 14, 2008

        FREEHILL HOGAN & MAHAR, LLP
        Attorneys for Plaintiff

By: _____
        Gina M. Venezia (GV 1551)
        Pamela L. Schultz (PS 8675)
        80 Pine Street
        New York, NY  10005
        (212) 425-1900
        (212) 425-1901 fax

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

GINA M. VENEZIA, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
GINA M. VENEZIA

Sworn to before me this
14 day of May 2008.

_____
Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

# IN THE MATTER OF THE ARBITRATION ACT 1996

AND

# IN THE MATTER OF AN ARBITRATION

BETWEEN:



**SIERRA MARINE S.A.**
of Panama.

Claimants
(Owners)

-and-

**SALEM M. ABDOU EL HADY**
of Port Said, Egypt

Respondent
(Charterer)

"BIANCA"

Charterparty dated 4th October, 2002

---

FINAL ARBITRATION AWARD

---

WHEREAS:

1. By a charterparty in the Gencon box layout form with amendments and additional typed clauses, the Claimants (hereinafter referred to as the "Owners") let the "Bianca" to the Respondent (hereinafter referred to as "the Charterer") for a voyage from Itajai and/or Paranagua to one port in the Egyptian Med with a cargo of frozen

EXHIBIT A

meat, butter and/or fish in cartons on terms and conditions more particularly set out in the said charterparty.

2. Typed clause 36 of the charter provided for any dispute arising out of it to be referred to arbitration in London with each party appointing one arbitrator and a third to be appointed by the two so appointed.

3. Disputes, hereinafter more particularly defined, arose between the parties for the determination of which the Owners appointed me, Captain Ioannis D. Leftakis, now of 16 Osprey Close, Hartford, Huntingdon, PE29 1UX, to act as arbitrator on their behalf. Notice of my appointment together with a request to appoint an arbitrator to act on his behalf, was served on the Charterer in accordance with s.17 of the Arbitration Act, 1996 ("the Act") on 10th April, 2003. A further notice, pursuant to s.17 of the Act was served on the Charterer on 30th April, 2003. No appointment was made by the Charterer either within the 14 days provided under s.16 of the Act nor within the 7 clear days provided by s.17 and on 29th May, 2003, on the Owners' request, and having been satisfied that the proper notices have been served on the Charterer, I accepted my appointment to act as sole arbitrator in the reference. I accepted the appointment on the L.M.A.A. Terms (2002) and by virtue of para.5.(b) thereof the seat of the arbitration is in England.

4. The matter for determination before me is the Owners' claim for damages for repudiation of the charter by the Charterer and demurrage accrued prior to the acceptance of the repudiation by the Owners.

5. Claim submissions with supporting documents were served on behalf of the Owners by an agent in Greece. The Charterer – although I kept him fully informed throughout the proceedings in terms that could be easily understood by a lay party – chose not to participate in the proceedings and did not submit any defence against the Owners' claim. None of the parties requested an oral hearing. The Owners, however, asked for a Reasoned Award and, therefore, my Reasons, as attached hereto, form part of this my **FINAL ARBITRATION AWARD.**

6. <u>NOW I</u>, the said Arbitrator Ioannis D. Leftakis, having taken upon myself the burden of this arbitration and carefully and conscientiously considered the submissions and documents put before me giving due weight thereto, <u>DO HEREBY MAKE, ISSUE AND PUBLISH this my FINAL AWARD</u> as follows:-

A. <u>I FIND AND HOLD</u> that the Owners' claim for demurrage accrued and repudiation damages succeeds only in the sum of US$ 289,279.45 and no more

B. <u>I THEREFORE AWARD AND ADJUDGE</u> that the Charterer shall forthwith pay to the Owners the sum of US$ 289,279.45 (two hundred eighty nine thousand two hundred seventy nine United States Dollars and forty five cents) together with interest thereon at the rate of 3.25% per annum and prorata, compounded at quarterly rests from 1st March, 2003 to the date of this my <u>FINAL AWARD</u>.

C. <u>I FURTHER AWARD AND ADJUDGE</u> that the Charterer shall bear and pay his own and the Owners' costs in the reference (the latter to be assessed by me – for which purpose I expressly reserve to myself jurisdiction to make such assessment – or, in the Owners' option, in the High Court, on the basis set out in S.63(5) of the Arbitration Act,1996, if not agreed, together with interest thereon at the rate of 3.25% per annum and prorata, compounded at quarterly rests calculated from the date of the publication of this my <u>FINAL AWARD</u> until payment.

D. <u>I ALSO AWARD AND DIRECT</u> that the Charterer shall bear and pay the costs of this my FINAL AWARD which I hereby assess and settle in the total sum of £1,992.80 provided, however, that if in the first instance the Owners shall have paid any amount in respect thereof, they shall be entitled to the immediate reimbursement by the Charterer of any sum or sums so paid together with interest thereon at the rate of 5.75% per annum or prorata compounded at quarterly rests from the date of the Owners' payment until reimbursement.

E. **I FURTHER AWARD AND ADJUDGE** that in the event that the Charterer does not pay to the Owners the sum of US$ 289,279.45 together with interest thereon in accordance with paragraph "B" hereinabove within 14 days from the date of the publication of this my **FINAL AWARD** interest shall thereafter be payable upon the total sum due under paragraph "B" hereinabove or such part of it as it remains unpaid, at the rate of 3.25% per annum or prorate, compounded at quarterly rests.

In witness whereof I have hereunder set my hand this 20th day of April, 2004



IOANNIS D. LEFTAKIS



WITNESS



COPY



IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT
Mr Justice Christopher Clarke
B E T W E E N :

2008 folio 121



SIERRA MARINE S.A.

Claimant

-and-

SALEM M. ABDOU EL HADY

Defendant

IN THE MATTER OF THE ARBITRATION ACT 1996
AND IN THE MATTER OF AN ARBITRATION
B E T W E E N :

SIERRA MARINE S.A.

Claimant

-and-

SALEM M. ABDOU EL HADY

Respondent

M.V. "BIANCA"
CP 4.10.02

---

ORDER

---

UPON READING the Claimant application notice dated 31 January 2008 and the witness statement of George Panagopoulos dated 31 January 2008,


EXHIBIT B

**IT IS ORDERED THAT –**

1. The Claimant has permission to enforce the arbitration award of Captain Ioannis D Leftakis dated 20 April 2004 in the same manner as a judgment or order to the same effect.

2. The Defendant do pay the Claimant's costs of this application summarily assessed at £2,968.50.

3. The Defendant to pay the costs of which may be entered hereunder.

Dated the 14th day of February 2008

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

B E T W E E N :

SIERRA MARINE S.A.
Claimant
-and-

SALEM M. ABDOU EL HADY
Defendant

IN THE MATTER OF THE ARBITRATION ACT 1996
AND IN THE MATTER OF AN ARBITRATION

B E T W E E N :

SIERRA MARINE S.A.
Claimant
-and-

SALEM M. ABDOU EL HADY
Respondent
M.V. "BIANCA"
CP 4.10.02

---

ORDER

---

ReedSmith Richards Butler LLP
Beaufort House
15 St Botolph Street
London, EC3A 7EE
England

Tel: +44 20 7247 6555
Fax: +44 (0)20 7247 5091

Ref: GCP/729343.3

Solicitors for the Claimant